UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHERYL HERNANDEZ MARS,

    Plaintiff,

v.                                                     Case No. 0:19-cv-60687

MACY'S FLORIDA STORES, LLC, *et al.*,

    Defendant.
_____/

CHERYL HERNANDEZ MARS, as
Personal Representative of the Estate of
Marlene Matilda Mars,

    Plaintiff,

v.                                                     Case No. 0:19-cv-60689

MACY'S FLORIDA STORES, LLC, *et al.*,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Strike Certain Defense Expert Witnesses and Motion for Protective Order Concerning Experts' Depositions. D.E. 34 (the "Motion"). The Court has considered the Motion and pertinent parts of the record and is otherwise fully advised in the premises.

**I.    Background**

These consolidated cases arise from an accident on May 11, 2016, at a Macy's store, in which plaintiff Cheryl Hernandez Mars and decedent Marlene Matilda Mars fell backwards down the ascending escalator when the escalator (allegedly) suddenly and abruptly stopped and jerked backwards.

On May 8, 2019, the Court entered its Scheduling Order for Pretrial Conference and Trial, which, among other things, set discovery to close on October 4, 2019. D.E. 15 (the "Scheduling Order"). As to expert discovery, the Scheduling Order specifically states (in pertinent part):

> **ALL EXPERT DISCOVERY MUST BE COMPLETED BY THE DISCOVERY CUT-OFF. THEREFORE, THE PARTIES MUST AGREE UPON A SCHEDULE FOR EXPERT DISCLOSURES AND DEPOSITIONS WHICH WILL FACILITATE THEIR COMPLETION BY THAT DATE.**

*Id.* at 2 (emphasis in original).

In the instant Motion, Plaintiff moves to strike two recently-disclosed defense experts: Dr. Daniel Cousin (a neuro-radiologist) and Dr. Tiffany Sizemore-Ruiz (a cardiologist) (together, the "Experts"). Plaintiff has provided emails showing that Defendants disclosed the Experts for the first time on September 26, 2019—barely over one week before the close of discovery. *See* D.E. 34-3; D.E. 35-1 (together, the "Emails"). And even then, Defendants disclosed the Experts' names only, without providing expert reports or even summaries of the experts' opinions and the bases for the opinions. Plaintiff also moves for a protective order precluding the unilaterally-set depositions of the Experts, scheduled for October 2, 2019, and October 3, 2019.[1] The notices of deposition were served on September 27, 2019.

## II.    Legal Standard

Rule 26(a)(2) requires a party to disclose the identity of any expert it may use at trial. The disclosure and written report must be made at the "*time*[] *and in the sequence that the court orders*[,]" or in the absence of an agreement among the parties or court order, the disclosure must occur at least ninety days before the date set for trial. Fed. R. Civ. P. 26(a)(2)(D)(i) (emphasis added).

---

[1] After the Motion was filed, Defendants served Notices of postponing the depositions pending the Court's ruling on the Motion. *See* D.E. 38.

In addition, Federal Rules of Civil Procedure 26(a) and (e) requires parties to disclose all bases of their experts' opinions and to timely supplement their expert disclosures upon discovery of an omission or as required by court order. *See Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). Complying with Rule 26 is "'not merely an aspiration' as 'the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise.'" *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.,* No. 6:07–cv–222–Orl–35KRS, 2009 WL 1043974, at *3 (M.D. Fla. Apr. 17, 2009) (quoting *Reese v. Herbert,* 527 F.3d 1253, 1266 (11th Cir. 2008)).

Where a party fails to provide information as required under Rule 26(a), Rule 37 authorizes the Court to sanction that party. *See* Fed. R. Civ. P. 37(c). Under Rule 37, if a party fails to comply with Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"When a party claims that it has substantial justification for its actions, the court should ask whether reasonable people could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance." *Stallworth v. E-Z Serve Convenience Stores*, 199 F.R.D. 366, 368 (M.D. Ala. 2001) (internal citation and quotation omitted). "A party's failure to properly disclose an expert," including improper designation of an expert under Rule 26(a)(2)(D)(ii), "is harmless when no prejudice results to the opposing party." *Leaks v. Target Corp.*, No. CV414-106, 2015 WL 4092450, at *4 (S.D. Ga. July 6, 2015) (internal citation omitted).

Further, under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." "The burden for demonstrating 'good cause' falls on the shoulders of the moving party." *Envtl. Mfg. Sols., LLC v. Peach State Labs, Inc.*, No. 6:09-cv-395-Orl-28DAB, 2010 WL 11473872, at *3 (M.D. Fla. Oct. 18, 2010) (citing *Chicago Tribune Co. v. Bridgestone/Fireston, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001)).

### III.  Discussion

The Court finds that the Experts should be stricken for at least four reasons.  First, as an initial matter, there is no question that the September 26, 2019 Emails which, for the first time, disclosed the Experts as expert witnesses in this case, were woefully insufficient to satisfy either Fed. R. Civ. P. 26(a)(2)(B) or Fed. R. Civ. P. 26(a)(2)(C), as the Emails do not: (1) including any written report, much less a report containing the information required by Rule 26(a)(2)(B)(i)-(vi); (2) adequately describe "the subject matter on which [the Experts are] expected to present evidence;" or (3) include a "summary of the facts and opinions to which [the Experts are] expected to testify." Fed. R. Civ. P. 26(a)(2)(B)-(C).

Second, to the Court's knowledge, Defendants have yet to provide Plaintiff with any expert report for the Experts, despite the fact that discovery closes in just a few days.  This failure contravenes Rule 26(a)(2), this Court's Scheduling Order, and Eleventh Circuit precedent plainly requiring a party to disclose expert testimony sufficiently in advance of the discovery cut-off, so that the opposing party may adequately prosecute or defend their case without being subject to prejudicial surprise. *See* Fed. R. Civ. P. 26(a)(2); Scheduling Order at 2; *Cooper v. S. Co.,* 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 457-58 (2006) ("Because the expert witness discovery rules are designed to allow both sides

4

in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational."); *see also Access Now Inc. v. Macy's E., Inc.*, No. 99-9088-CIV, 2001 WL 36380366, at *4 (S.D. Fla. Oct. 22, 2001) (noting that "nothing causes greater prejudice than to have to guess how and why an adversarial expert reached his or her conclusion").

Third, the Court cannot imagine any justification, much less the substantial justification required under Rule 37, for Defendants' untimely disclosure of the Experts and failure to provide timely expert reports. *See Weaver v. Lexington Ins. Co.,* No. 8:05–cv–1913–T–27TBM, 2007 WL 1288759, at *2 (M.D. Fla. May 2, 2007) ("Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request."). For example, Defendants have known that the decedent's high blood pressure and stroke would be an issue in this case since at least July 9, 2019. *See* D.E. 32-1 (verified answers to interrogatories).[2] The Experts should have been disclosed earlier, and their opinions timely supplemented if necessary.

Lastly, Plaintiff is, without question, severely prejudiced by Defendants' untimely disclosure of the Experts and last-minute unilateral deposition scheduling. As Defendants still have not provided their Experts' proposed opinions (even in summary form), their untimely disclosure is preventing Plaintiff from, among other things: (1) effectively cross-examining the Experts concerning their expert conclusions; (2) conducting additional discovery concerning the Experts' opinions; and (3) preparing and exchanging a report to rebut the Experts' opinions. *See, e.g.*, *S.O.S. Res. Servs., Inc. v. Bowers*, No. 14CIV22789COOKETORRE, 2015 WL 6735540, at

---

[2] Even if the Defendants subsequently learned more about the decedent's medical history, *see generally* D.E. 32, they certainly knew enough about the decedent's medical history by September 17, 2019, when they issued proposed subpoenas to non-party medical providers, *see* D.E. 28-1.

\*3 (S.D. Fla. Nov. 4, 2015) ("[B]ecause Plaintiff has completely failed to abide by the deadlines set forth in this Court's Scheduling Order, I find that Defendants would be unduly prejudiced if Plaintiff were allowed to rely on its proposed expert witness, Alexander Fernandez."); *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 3764126, at \*3 (S.D. Fla. July 30, 2014) (striking expert where untimely disclosure caused defendants prejudice); *Kakawi Yachting, Inc. v. Marlow Marine Sales, Inc.*, No. 8:13-CV-1408-T-TBM, 2014 WL 12639973, at \*3 (M.D. Fla. Oct. 28, 2014) ("Federal courts routinely strike expert reports or exclude expert testimony which is not timely disclosed").

### IV.     Conclusion

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the Motion, D.E. 34, is GRANTED. Dr. Daniel Cousin and Dr. Tiffany Sizemore-Ruiz are hereby STRICKEN as defense experts in this case. The Experts' opinions will not be considered by the Court in any fashion. *See, e.g.*, *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348-49 (11th Cir. 2004) (noting that Rule 37(c)(1) gives courts wide discretion to strike experts that are untimely disclosed). Further, good cause having been shown, the Court GRANTS a protective order as to the Experts' depositions, as the depositions are no longer necessary.

DONE AND ORDERED in Chambers at Miami, Florida, this _1st_ day of October, 2019.

*[signature]*
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf